**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ONEBEACON INSURANCE COMPANY, | : | CIVIL ACTION NO. 11-870 (MLC) |
|  | : |  |
| Plaintiff, | : | **O P I N I O N** |
|  | : |  |
| v. | : |  |
|  | : |  |
| FELICIA BONANNO RUSSELL, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

A PERSON named Ronald B. Smith ("Smith") brought an action in New Jersey state court to recover damages for, inter alia, legal malpractice ("State Tort Action") against Felicia Bonanno Russell, Ronald J. Sama, and Sama & Russell LLC ("Insureds"). (Dkt. entry no. 1, Compl. at 2; see id., Ex. A, State Tort Action Complaint.)  The State Tort Action remains pending. (Compl. at 3, 8.)  OneBeacon Insurance Company ("Insurer") provided coverage to the Insureds. (Id. at 5.)  The Insurer brought this separate action against the Insureds for a judgment declaring that the Insurer is not obligated to defend and indemnify the Insureds in the State Tort Action ("Declaratory Judgment Action"). (See id.)

THE INSURER could either (1) be named in the State Tort Action as a defendant, as a third-party defendant, or in some other capacity, or (2) bring the declaratory-judgment claims in the appropriate state court and seek to have them consolidated with the State Tort Action.  A determination as to any claim in the Declaratory Judgment Action would necessarily affect — and

thus interfere with — the State Tort Action.  As a result, this Court must abstain from adjudicating the Declaratory Judgment Action.  See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)); see also Atl. Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174-75 (3d Cir. 2003) (affirming judgment dismissing complaint for, inter alia, reasons discussed above); Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, because deciding insurance-coverage issue raised in federal action would affect — and thus interfere with — underlying state action).

**THE DECLARATORY JUDGMENT ACTION** (1) is, as the Court's shorthand reference suggests, a declaratory-judgment action involving insurance-coverage issues under state law, (2) concerns issues that will be raised in the State Tort Action, and (3) could be adjudicated by the same judge overseeing the State Tort Action.  As a result, the Complaint in the Declaratory Judgment Action should be dismissed.  See Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2-3 (E.D. Pa. Apr. 24, 2009) (remanding action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain parties would need to be addressed in both the underlying state action and the removed declaratory-judgment

action).  The dismissal will be without prejudice to the Insurer to recommence the Declaratory Judgment Action in the appropriate state court within 30 days, as the limitations period is tolled by the filing of a federal complaint.  See Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980).[1]

**THE COURT**, in view of the pending State Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation".  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001).  It appears that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum".  Id. at 136.  For good cause appearing, the Court will issue an appropriate order and judgment.[2]

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  April 29, 2011

---

[1]  The Court notes that Smith should have been named in the Declaratory Judgment Action.  See N.J.S.A. § 2A:16-56 (stating that when declaratory relief is sought, all those having an interest that would be affected by the declaration must be made parties to the proceeding).  For instance, the interests of Smith would certainly be affected if the Insureds are found to be liable in the State Tort Action, but have no insurance coverage related to any claims.

[2]  The Court notes that the Insurer also failed to properly assert the citizenship of Sama & Russell LLC, which is a limited liability company, and not a corporation.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).